IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HOWARD KARP, derivatively on behalf of ZIMMER BIOMET HOLDINGS, INC., | No. 1:19-cv-01855-LPS |
| Plaintiff, | |
| v. | |
| CHRISTOPHER B. BEGLEY, BETSY J. BERNARD, PAUL M. BISARO, GAIL K. BOUDREAUX, TONY W. COLLINS, DAVID C. DVORAK, MICHAEL J. FARRELL, DANIEL P. FLORIN, LARRY GLASSCOCK, ROBERT A. HAGEMANN, ARTHUR J. HIGGINS, MICHAEL W. MICHELSON, CECIL B. PICKETT, JEFFREY K. RHODES, KKR BIOMET LLC, TPG PARTNERS IV, L.P., TPG PARTNERS V, L.P., TPG FOF V-A, L.P., TPG FOF V-B, L.P., TPG LVB CO-INVEST LLC, and TPG LVB CO-INVEST II LLC, | |
| Defendants, | |
| and | |
| ZIMMER BIOMET HOLDINGS, INC., | |
| Nominal Defendant. | |

[Additional caption follows]

| | |
|---|---|
| ALEX DiGAUDIO, derivatively on behalf of ZIMMER BIOMET HOLDINGS, INC., <br><br>　　　　　　　Plaintiff, <br>　v. <br><br>CHRISTOPHER B. BEGLEY, BETSY J. BERNARD, PAUL M. BISARO, GAIL K. BOUDREAUX, TONY W. COLLINS, DAVID C. DVORAK, MICHAEL J. FARRELL, DANIEL P. FLORIN, LARRY GLASSCOCK, ROBERT A. HAGEMANN, ARTHUR J. HIGGINS, MICHAEL W. MICHELSON, CECIL B. PICKETT, JEFFREY K. RHODES, KKR BIOMET LLC, TPG PARTNERS IV, L.P., TPG PARTNERS V, L.P., TPG FOF V-A, L.P., TPG FOF V-B, L.P., TPG LVB CO-INVEST LLC, and TPG LVB CO-INVEST II LLC <br><br>　　　　　　　Defendants, <br><br>　and <br><br>ZIMMER BIOMET HOLDINGS, INC., <br><br>　　　　　　　Nominal Defendant. | No. 19-cv-01926-LPS |

**[PROPOSED] STIPULATED ORDER REGARDING SERVICE, CONSOLIDATION, APPOINTMENT OF PLAINTIFFS' LEADERSHIP, AND SCHEDULING**

　　　　　WHEREAS, on October 2, 2019, plaintiff Howard Karp ("Karp") filed a Verified Stockholder Derivative Complaint alleging claims on behalf of nominal defendant Zimmer Biomet Holdings, Inc. ("Zimmer") against Christopher B. Begley, Betsy J. Bernard, Paul M. Bisaro, Gail K. Boudreaux, Tony W. Collins, David C. Dvorak, Michael J. Farrell, Daniel P. Florin, Larry Glasscock, Robert A. Hagemann, Arthur J. Higgins,., Michael W. Michelson, Cecil B. Pickett, Ph.D., Jeffrey K. Rhodes, KKR Biomet LLC, TPG Partners IV, L.P., TPG Partners V,

2

L.P., TPG FOF V-A L.P., TPG FOF V-B, L.P., TPG LVB Co-Invest LLV, and TPG LVB Co-Invest II LLC (C.A. No. 2019 cv-01855-JPS (the "Karp Action"));

WHEREAS, on October 11, 2019, plaintiff Alex DiGaudio ("DiGaudio") filed a Verified Stockholder Derivative Complaint alleging similar claims on behalf of nominal defendant Zimmer, against Christopher B. Begley, Betsy J. Bernard, Paul M. Bisaro, Gail K. Boudreaux, Tony W. Collins, David C. Dvorak, Michael J. Farrell, Daniel P. Florin, Larry Glasscock, Robert A. Hagemann, Arthur J. Higgins,., Michael W. Michelson, Cecil B. Pickett, Ph.D., Jeffrey K. Rhodes, KKR Biomet LLC, TPG Partners IV, L.P., TPG Partners V, L.P., TPG FOF V-A L.P., TPG FOF V-B, L.P., TPG LVB Co-Invest LLV, and TPG LVB Co-Invest II LLC (C.A. No. 2019-cv-01926-UNA (the "DiGaudio Action"));

WHEREAS, the Karp Action and the DiGaudio Action are collectively referred to herein as the "Federal Derivative Actions" and nominal defendant Zimmer, together with the defendants in the Karp Action and the DiGaudio Action are collectively referred to herein as the "Defendants";

WHEREAS, Federal Rule of Civil Procedure 42(a) permits the consolidation of actions if "actions before the Court involve a common question of law or fact"; this rule also empowers the Court to issue "any other orders to avoid unnecessary costs or delay";

WHEREAS, counsel for Karp and DiGaudio (collectively, the "Plaintiffs") agrees that the Federal Derivative Actions involve substantially the same questions of fact and law, and that both lawsuits allege, *inter alia*, breaches of fiduciary duties and violations of federal securities laws by the Defendants;

WHEREAS, counsel for Plaintiffs have conferred with counsel for Defendants and all parties agree that consolidation of the Federal Derivative Actions is appropriate, and that

Defendants' counsel are authorized to accept service of the complaint on behalf of all named Defendants in each of the Federal Derivative Actions;

WHEREAS, Defendants agree that the administration of justice will be served by consolidating the Federal Derivative Actions and take no position with respect to the appointment of a lead plaintiff or lead plaintiff's counsel in the consolidated action;

WHEREAS, the Federal Derivative Actions are related to the shareholder securities class action pending in the U.S. District Court for the Northern District of Indiana, captioned *Shah et al. v. Zimmer Biomet Holdings, Inc., et al.*, No 3:16-cv-00815-PPS-MGG (the "Securities Action") and the consolidated shareholder derivative action pending in the Delaware Court of Chancery, captioned *In re Zimmer Biomet Holdings, Inc. Derivative Litigation*, Consol. C.A. No. 2019-0455-AGB (the "State Derivative Action");

WHEREAS, the Delaware Court of Chancery has ordered a stay of the State Derivative Action other than as to competing motions to appoint lead counsel for plaintiffs in the State Derivative Actions;

WHEREAS, Defendants intend to file (a) a motion to stay the Federal Derivative Actions pending final resolution of the Securities Action; and (b) Motion(s) to Dismiss the Federal Derivative Actions if their Motion to Stay is denied;

WHEREAS, a private mediation is ongoing in the Securities Action, the State Derivative Action, and the Federal Derivative Actions (the "Mediation");

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by the parties hereto, through their undersigned counsel, subject to the approval of the Court, as follows:

1. The undersigned counsel for Defendants acknowledge that they are authorized to accept, and hereby do accept, service of the complaints in the Federal Derivative Actions on

behalf of their respective clients, without prejudice and without waiver of any of their defenses, objections or arguments in this matter or any other matter, except as to sufficiency of service of process.

2. The two above-captioned actions are hereby consolidated for all purposes and are referred to herein as the "Federal Derivative Action." Hereinafter, papers need only be filed in No. 2019-cv-01855-LPS.

3. The caption of the Federal Derivative Action shall be as follows: *In re Zimmer Biomet Holdings, Inc. Federal Derivative Litigation*, No. 2019-cv-01855-LPS.

4. All papers and documents previously served or filed in any of the cases consolidated herein are deemed a part of the record in the Federal Derivative Action.

5. Plaintiffs Howard Karp and Alex DiGaudio are hereby appointed as Lead Plaintiffs for the Federal Derivative Action. The law firms of Gardy & Notis, LLP and Squitieri & Fearon LLP are hereby appointed as Plaintiffs' Lead Counsel for the Federal Derivative Action and the law firm of Cooch and Taylor, P.A. is hereby appointed as Plaintiffs' Liaison Counsel.

6. This Order shall apply to this Federal Derivative Action and any future-filed actions related to the subject matter of this case. When a case that properly belongs as part of the Federal Derivative Action is hereafter filed in the Court, this Court requests the assistance of counsel in calling to the attention of the Court the filing of any case which might properly be consolidated as part of the Federal Derivative Action, and counsel for Plaintiffs will provide counsel in subsequently filed actions notice of this order.

7. Lead Counsel shall set policy in the Federal Derivative Action and for any other Plaintiffs for the prosecution of the Federal Derivative Action, delegate and monitor the work

performed by Plaintiffs' attorneys to ensure there is no duplication of effort or unnecessary expense, coordinate on behalf of Plaintiffs the initiation and conduct of discovery proceedings, and have the authority to negotiate a settlement, subject to approval of the Court, and allocate fees among Plaintiffs' counsel, if awarded. Any agreement reached between counsel for Defendants and Lead Counsel shall be binding on any other Plaintiffs.

8. Lead Counsel shall assume the following powers and responsibilities:

    a. coordinate and direct the preparation of pleadings;

    b. coordinate and direct the briefing and argument of motions;

    c. coordinate and direct the conduct of discovery and other pretrial proceedings;

    d. coordinate the selection of counsel to act as Plaintiffs' spokesperson at pretrial conferences;

    e. call meetings of Plaintiffs' counsel as they deem necessary and appropriate from time to time;

    f. conduct any and all settlement negotiations with counsel for the Defendants;

    g. coordinate and direct the preparation for trial and trial of this matter, and delegate work responsibilities to selected counsel as may be required; and

    h. coordinate and direct any other matters concerning the prosecution or resolution of the Consolidated Action.

9. Lead Counsel shall be responsible for coordinating all activities and appearances on behalf of Plaintiffs and for the dissemination of notices and orders of this Court, as well as for communications to and from this Court. No motion, request for discovery or other pre-trial or

trial proceedings shall be initiated or filed by any Plaintiff except through Lead Counsel and Liaison Counsel.

10. The Federal Derivative Action will be stayed pending the ongoing Mediation. The stay shall remain in place until the conclusion of mediation efforts, whether successful or unsuccessful, as determined by any party and upon 10 days notice to all parties. The parties shall consult with the mediator prior to issuing any such notice.

11. Following termination of the stay, Lead Plaintiffs shall have 30 days to either designate an operative complaint or file a consolidated amended complaint.

12. Following the designation of an operative complaint or filing of a consolidated amended complaint, Defendants shall have 30 days to file a Motion to Stay the Federal Derivative Action pending final resolution of the Securities Action, Lead Plaintiffs shall have 30 days to file their opposition thereto, and Defendants shall have 21 days to file their reply.

13. If the Court denies the Motion to Stay, Defendants shall have 60 days after the denial of the Motion to Stay to file Motion(s) to Dismiss pursuant to Rule 23.1 and/or 12(b), Lead Plaintiffs shall have 45 days to file an opposition thereto, and Defendants shall have 30 days to reply.

14. If the Court denies the Motion(s) to Dismiss as to any Defendant, such Defendant(s) (other than nominal defendant Zimmer) shall answer the operative complaint within 30 days of the Court's Order.

15. This Stipulation and Order are without prejudice to the right of any party to raise any and all arguments, objections, motions or defenses concerning the claims in the Federal Derivative Action or the adequacy of Lead Plaintiffs and/or Lead or Liaison Counsel.

Dated: October 24, 2019

/s/ Jody Barillare
Jody C. Barillare (#5107)
MORGAN, LEWIS & BOCKIUS LLP
The Nemours Building
1007 N. Orange Street, Suite 501
Wilmington, DE 19801
(302) 574-3000
*jody.barillare@morganlewis.com*

Troy S. Brown (*pro hac vice forthcoming*)
Laura Hughes McNally (*pro hac vice forthcoming*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000
*troy.brown@morganlewis.com*
*laura.mcnally@morganlewis.com*

*Attorneys for Defendants Zimmer Biomet Holdings, Inc., Christopher B. Begley, Betsy J. Bernard, Paul M. Bisaro, Gail K. Boudreaux, Tony W. Collins, David C. Dvorak, Michael J. Farrell, Daniel P. Florin, Larry Glasscock, Robert A. Hagemann, Arthur J. Higgins, and Cecil B. Pickett, Ph.D.*

/s/ *Sabrina M. Hendershot*
William M. Lafferty (#2755)
Ryan D. Stottmann (#5237)
Sabrina M. Hendershot (#6286)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
Wilmington, DE 19801
(302) 658-9200
*wlafferty@mnat.com*
*rstottmann@mnat.com*
*shendershot@mnat.com*

Peter E. Kazanoff *(pro hac vice forthcoming)*
Sara A. Ricciardi *(pro hac vice forthcoming)*
Courtney G. Skarupski *(pro hac vice forthcoming)*
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
*pkazanoff@stblaw.com*
*sricciardi@stblaw.com*
*courtney.skarupski@stblaw.com*

*Attorneys for Michael W. Michelson and KKR Biomet LLC*


/s/ *Sabrina M. Hendershot*
William M. Lafferty (#2755)
Ryan D. Stottmann (#5237)
Sabrina M. Hendershot (#6286)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
Wilmington, DE 19801
(302) 658-9200
*wlafferty@mnat.com*
*rstottmann@mnat.com*
*shendershot@mnat.com*

Daniel V. McCaughey *(pro hac vice forthcoming)*
Christian Reigstad *(pro hac vice forthcoming)*
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199
(617) 951-7000

9

*daniel.mccaughey@ropesgray.com*
*christian.reigstad@ropesgray.com*

*Attorneys for Defendants Jeffrey K. Rhodes, TPG Partners IV, L.P., TPG Partners V, L.P., TPG FOF V-A L.P., TPG FOF V-B, L.P., TPG LVB Co-Invest LLC, and TPG LVB Co-Invest II LLC*

/s/ Blake A. Bennett
Blake A. Bennett (#5133)
COOCH AND TAYLOR, P.A.
The Nemours Building
1007 N. Orange Street, Suite 1120
Wilmington, DE 19801
(302) 984-3800
bbennett@coochtaylor.com

GARDY & NOTIS, LLP
Mark C. Gardy
James S. Notis
Meagan A. Farmer
126 East 56th Street, 8th Floor
New York, NY 10022
(212) 905 0509
mgardy@gardylaw.com
jnotis@gardylaw.com
mfarmer@gardylaw.com

*Attorneys for Plaintiff Howard Karp*


/s/ Blake A. Bennett
Blake A. Bennett (#5133)
COOCH AND TAYLOR, P.A.
The Nemours Building
1007 N. Orange Street, Suite 1120
Wilmington, DE 19801
(302) 984-3800
bbennett@coochtaylor.com

SQUITIERI & FEARON, LLP
Lee Squitieri
32 East 57th Street, 12th Floor
New York, New York 10022
(212) 421-6492
lee@sfclasslaw.com

*Attorneys for Plaintiff Alex DiGaudio*

IT IS SO ORDERED, this _____ day of _____ , 2019.

_____
Judge Leonard P. Stark